R. P. McALLISTER v. THE STATE.

No. 8049. Decided February 20, 1924.

Rehearing denied April 30, 1924.

**1.—Manufacturing Intoxicating Liquor—Bill of Exceptions.**

Where the bills of exception were marked refused by the trial judge, they had no place in the transcript as a part of the record and will not be considered.

**2.—Same—Representation by Counsel.**

Where appellant complained that he was forced to trial without an attorney but no showing was made to support his averments at the time the

motion was heard, and the evidence is sufficient to support the conviction there is no reversible error.

### 3.—Same—Rehearing—Representation by Counsel.

Where appellant was notified that his counsel in Beaumont could not be present and represent him, and there were other competent attorneys in the county in which the trial was had whose services could have been procured and no effort was shown to secure them, there is no reversible error.

Appeal from the District Court of Hardin. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Howth & O'Fiel,* for appellant.—Cited: Spicer v. State, 179 S. W. Rep., 712; Graham v. State, 160 id., 714.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor, the punishment being one year in the penitentiary.

Upon a search of appellant's premises between four and five gallons of home-made whisky was found, also two barrels of mash, two cans and two coils. The equipment is characterized as two complete stills. The evidence shows that when connected up whisky could be made therewith. The cans were found in the dining room at appellant's house, one of the coils was under the bed and another between the mattresses; the cans and coils bore the odor of whisky and showed evidence of having been used. The whisky was found in fruit jars in appellant's bed room, the barrels of mash were on a back gallery of the house.

Five bills of exception appear in the record. The first, third and fifth are marked refused for the reason given by the learned trial judge and therefore have no place in the transcript as a part of the record and will not be considered. The fourth when considered in connection with the explanation attached by the court presents no error.

The only complaint which will receive attention is that appellant was forced to trial without his attorney being present. The record discloses that appellant is quite an elderly man. Some negotiations looking to their employment were carried on with Mr. Howth of the firm of Howth & O'Fiel. We understand from the evidence on motion for new trial that no fee had ever been paid them for their contemplated services. This case had been set for trial on the day it was called some two weeks prior thereto. Messrs. Howth and O'Fiel

had been notified of the setting. On that date they were both engaged in the trial of cases at other points and were unable to be present, appellant was notified of this fact and was advised to secure other counsel. Mr. Howth undertook to get some attorney to represent him but in this was unsuccessful. He communicated with the district attorney asking for a re-setting of the case which was refused. When the case was called appellant told the court he was ready to go to trial notwithstanding he had no attorney present. It is averred in the motion for new trial that appellant had a good defense to the charge against him; that if whisky was manufactured on his premises he was not connected therewith and had no knowledge thereof. There was no effort made to support these averments at the time the motion was heard. Appellant simply said he was not guilty of the charge. He sought in no way to explain the presence of the stills, whisky and mash in his home. The record shows that no one lived at this place except appellant and his wife. The evidence of guilt appears to be overwhelming and the punishment assessed was the lowest permitted under the law. Appellant having gone to trial without protest in the absence of his attorney, we are of opinion the facts disclosed upon hearing the motion for new trial does not justify this court in disturbing the verdict.

The judgment is therefore affirmed.

*Affirmed.*

#### ON REHEARING.

#### April 30, 1924.

LATTIMORE, JUDGE.—We have carefully considered the motion for rehearing in the light of the affidavits appending thereto upon which is sought to be predicated an excuse for lack of representation by counsel at the trial. The facts in the case seem perfectly to support the conclusion reached by the jury and we perceive no error in the record of the trial. Appellant was notified that his counsel in Beaumont could not be present and represent him upon the trial. That there were competent attorneys in the county seat in which the trial was had whose services could have been procured by proper effort, appears manifest and no effort to secure their services is shown.

Not being able to agree with the contentions made, the motion for rehearing will be overruled.

*Overruled.*